# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2935

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Dennis Marcussen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2005
Filed: April 11, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

_____

BOWMAN, Circuit Judge.

Dennis Marcussen appeals his sentence, arguing that the District Court[1] erred
in sentencing him as a career offender based on prior predicate offenses that were
neither charged in the indictment nor proved to a jury beyond a reasonable doubt. We
affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern
District of Iowa.

Marcussen pleaded guilty to a charge of conspiracy to manufacture and attempt to manufacture five grams or more of methamphetamine and to distribute and possess with intent to distribute an unspecified amount of methamphetamine. The Pre-Sentence Investigation Report ("PSIR") recommended that Marcussen be sentenced as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines because he had two prior convictions that qualified as "crimes of violence." PSIR at ¶¶ 46, 65, 68–69. At sentencing, Marcussen did not challenge the characterization of his past offenses as crimes of violence, but instead asserted that the guidelines violated the Sixth Amendment to the United States Constitution to the extent that the career offender provision did not require the facts of his prior convictions to be proved to a jury beyond a reasonable doubt.[2] The District Court rejected Marcussen's argument, deemed Marcussen a career offender, applied the guidelines, and sentenced Marcussen to 210 months in prison. On appeal, Marcussen argues that he should be resentenced because the guidelines are unconstitutional. Marcussen contends that he has a Sixth Amendment right to have the facts of his prior convictions—and the characterization of those convictions as crimes of violence—determined by a jury beyond a reasonable doubt.

Whether the guidelines are wholly constitutional is no longer an open question. United States v. Booker, 125 S. Ct. 738, 750 (2005), holds that the guidelines scheme ran afoul of the Sixth Amendment insofar as the scheme provided that based on certain facts found by the sentencing judge, the judge was required to impose a more severe sentence than could have been imposed based on the facts found by the jury or admitted by the defendant. Because of Booker's further holding that the constitutional parts of the guidelines could not be saved by severing them from the mandatory enhancements that are unconstitutional, the Court declared the entirety of the guidelines "effectively advisory," but also stated that district courts "must consult

---

[2]This was sufficient to preserve the Sixth Amendment claim for appellate review. See United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005).

those Guidelines and take them into account when sentencing." Id. at 757, 767. In addition to consulting the guidelines, district courts also must look to the factors set forth in 18 U.S.C. § 3553(a) for guidance in sentencing. Id. at 764–65, 766.

Booker's holdings, however, do not necessarily entitle Marcussen to be resentenced. Booker recognizes that resentencing may not be warranted in cases in which the reviewing court determines that the sentence imposed does not involve a violation of the Sixth Amendment. Id. at 769. Accordingly, we begin our analysis with a review of whether Marcussen's Sixth Amendment rights were violated.

Marcussen argues that the Sixth Amendment required the government to charge and prove beyond a reasonable doubt the prior convictions upon which his status as a career offender was based. This argument was squarely rejected in Booker, in which the Court expressly confirmed the continuing validity of its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. Id. at 756. Marcussen also argues that determining whether his prior convictions are "crimes of violence" requires the finding of facts beyond the mere fact of prior conviction. But we previously have rejected the argument that the nature of a prior conviction is to be treated differently from the fact of a prior conviction. United States v. Kempis-Bonola, 287 F.3d 699, 703 (8th Cir.), cert. denied, 537 U.S. 914 (2002); United States v. Davis, 260 F.3d 965, 969 (8th Cir. 2001), cert. denied, 534 U.S. 1107 (2002). Once the sentencing court determines that a prior conviction exists, it is a legal question for the court whether the crime meets the "crime of violence" definition of § 4B1.2 of the United States Sentencing Guidelines. See United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001); United States v. Moore, 38 F.3d 977, 979 (8th Cir. 1994). The Supreme Court's post-Booker opinion in Shepard v. United States lends further support to the rule that the sentencing court, not a jury, must determine whether prior convictions qualify as violent felonies. 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining the nature

of a prior conviction).[3] We therefore hold that Marcussen's sentence does not involve a Sixth Amendment violation.

Booker directs that "in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine." 125 S. Ct. at 769. Thus, we next examine whether Marcussen's guidelines sentence constituted harmless error. Although sentencing Marcussen under the mandatory guidelines scheme was, in a formal sense, erroneous in light of Booker, we find the error harmless.

In determining whether an error is harmless, Federal Rule of Criminal Procedure 52(a) provides that any error not affecting substantial rights should be disregarded. We thus look to whether the District Court's application of the guidelines as mandatory, and not advisory, substantially influenced the outcome of Marcussen's sentence. See United States v. Haidley, 400 F.3d 642, 645 (8th Cir. 2005); United States v. Sayre, 400 F.3d 599, 600-01 (8th Cir. 2005). We are fortunate in this case because we have a statement by the District Court as to the sentence that the court would have imposed were the mandatory guidelines scheme

---

[3]At sentencing, Marcussen conceded that his prior convictions qualified as violent felonies, thus relieving the District Court from examining prior records to make this determination. This concession is also an independent and sufficient reason for our conclusion that Marcussen's sentence does not involve a Sixth Amendment violation. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); United States v. Yahnke, 395 F.3d 823, 825 n.2 (8th Cir. 2005) ("[T]he district court was not required to find that the parole violations resulted in conviction, because Yahnke admits the violations occurred, both by not objecting to the presentence investigation report and in his brief to this court.").

not in place. The District Court gave an express alternative sentence, which the court ordered imposed "[i]f, hereafter, the United States Sentencing Guidelines are found to be unconstitutional." Judgment at 2. The District Court stated, "If it were totally within my discretion, and if I were to look at 18 United States Code Section 3553(a), 1 though 7, I would still give him 210 months." Sent. Tr. at 22. Although the District Court's alternative sentence seems to presume that the court had total discretion rather than an obligation to treat the guidelines as advisory and to consider them, the court nonetheless *did* consider the guidelines in its analysis of the § 3553(a) factors. See 18 U.S.C.A. § 3553(a)(4) (West 2000 & Supp. 2004) (requiring the sentencing court to consider the sentencing range established for the "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines."). Thus, if the District Court committed any error in imposing the alternative sentence, it was harmless. The District Court carefully explained the reasons why its alternative sentence was the same as the sentence mandated by the guidelines. Specifically, the District Court noted the "significant drug quantities involved in the offense of conviction" and Marcussen's "long criminal history" involving acts of "great concern to the Court," such as repeated domestic assaults, an assault against a child, and assault by display of a dangerous weapon. Sent. Tr. at 22–23. Thus, the sentencing of Marcussen under the mandatory guidelines scheme did not affect Marcussen's ultimate sentence and any error was harmless.

We next examine, as directed by Booker, whether Marcussen's sentence was reasonable. 125 S. Ct. at 765–66. In determining whether a sentence is reasonable, we measure it against the factors set forth in 18 U.S.C. § 3553(a). Id.; United States v. Rogers, 400 F.3d 640, 642 (8th Cir. 2005); United States v. Yahnke, 395 F.3d 823, 824 (8th Cir. 2005). As noted above, the District Court applied the factors in § 3553(a) and gave specific reasons why those factors support a 210-month sentence. For example, the conspiracy in which Marcussen was implicated involved large quantities of drugs. See 18 U.S.C. § 3553(a)(1) & (2)(A) (2000). Marcussen had committed violent assaults in the past, including an assault against a child. See Id.

§ 3553(a)(2)(C). Finally, Marcussen's sentence was within the range suggested by the guidelines.[4] See 18 U.S.C.A. § 3553(a)(4)-(5) (West 2000 & Supp. 2004). Based on the record, Marcussen's sentence of 210 months' imprisonment is reasonable.

Marcussen's sentence is affirmed.

_____

[4]We think it is apparent that in most, if not all, cases involving appellate review of sentences pronounced in a manner consistent with Booker, the reviewing court will need to consult the guidelines as advisory, just as the sentencing court is required to do, and to review the sentencing court's guidelines calculation to the extent it is challenged on appeal in order to determine what the guidelines *advise* in the particular circumstances of the case. We think this ordinarily will have to be done to glean some reliable idea as to what constitutes a proper starting point—and in many cases a resting point—toward a reasonable sentence for the particular offense of conviction and the particular defendant and to achieve one of the primary goals of the Sentencing Reform Act of 1984: to reduce disparity in the sentences imposed on similarly situated defendants. See 18 U.S.C. § 3553(a)(6) (2000).