[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 07, 2005
THOMAS K. KAHN
CLERK**

No. 04-15359
Non-Argument Calendar

————————————————

D.C. Docket No. 03-20585-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORREY STYLES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court for the
Southern District of Florida

————————————————

**(July 7, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Torrey Styles ("Styles") appeals his sentence of 210 months' imprisonment,

following his conviction for possession of a firearm by a convicted felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Styles urges that the district court committed three separate errors under United States v. Booker, 125 S.Ct. 738 (2005): (i) applying the sentencing guidelines in a mandatory fashion; (ii) sentencing Styles under the Armed Career Criminal Act ("ACCA") provisions of 18 U.S.C. § 924(e) where the indictment did not include Styles' prior felony convictions; (iii) finding that Styles' prior convictions qualified as "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(b), where that characterization was not charged in the indictment or found by a jury beyond a reasonable doubt. Apart from Booker, Styles also urges that the district court erred in concluding that it lacked the authority to depart downward pursuant to U.S.S.G. § 5K2.11 and in concluding that Styles' prior conviction for carrying a concealed weapon qualified as a violent felony for ACCA purposes.

We conclude that while the district court committed no constitutional Booker error in sentencing Styles, it did commit statutory Booker error in sentencing under the mandatory guidelines scheme. Because the government has failed to meet its burden of showing that this error was harmless, we vacate Styles' sentence and remand for resentencing. Because the guidelines range will remain an essential consideration in the district court's discretionary sentencing, we also clarify that the district court did possess authority to depart downward, pursuant to

2

§ 5K2.11.

## BACKGROUND

Styles was indicted for one count of firearm possession by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Following trial, a jury returned a guilty verdict. The Presentence Investigation Report ("PSI") concluded that styles was subject to the ACCA enhancement, and set his base offense level at 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B). With a criminal history category of V, the resulting sentencing range was 210 to 262 months' imprisionment.

Styles filed several objections to the PSI, arguing in relevant part that the rule in Blakely v. Washington, 124 S.Ct. 2531 (2004), applied to the federal sentencing guidelines. The district court repeatedly commented that it would "like to give [Styles] a break such as you've indicated, but I really don't think I have any choice." The district court then told Styles that it was bound to give him a sentence which was "more than I wish" and sentenced Styles to 210 months' imprisonment, the bottom of the applicable guideline range. Styles timely appealed.

## STANDARD OF REVIEW

Because Styles raised his constitutional objection to the district court's application of the Sentencing Guidelines at sentencing, we review the issue de

3

novo, and reverse "only if any error was harmful." United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Constitutional Booker errors are harmless only where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's sentence. Id. For a non-constitutional Booker error to be harmless, the government shoulders the somewhat lower burden of proving that when the proceedings are viewed in their entirety, the error did not affect the sentence, or had "but very slight effect." United States v. Mathenia, 04-15250, 2005 U.S. App. LEXIS 9352 at *6 (11th Cir. May 23, 2005).

ACCA CLASSIFICATION AND VIOLENT FELONY FINDINGS

The Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to use those convictions to enhance the defendant's sentence. United States v. Almendarez-Torres, 523 U.S. 224, 247 (1998); Shepard v. United States, 125 S.Ct. 1254, 1257 (2005). The Booker decision itself confirms that the rule set forth in Almendarez-Torres remains good law. See Booker, 125 S.Ct. at 756 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); see

4

also, United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005) (holding that following Booker and Shepard, "Almendarez-Torres remains the law until the Supreme Court determines that [it] is not binding precedent."). In light of this binding precedent, we reject Styles' argument that his Fifth and Sixth Amendment rights were violated when neither the indictment nor the jury verdict included findings on the three predicate felonies that resulted in his ACCA classification.[1] See United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004) (rejecting an argument that the district court erred under Blakely when it enhanced the defendant's sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, based on his four prior convictions for violent and drug-related felonies that were not alleged in the indictment).

We likewise find no merit in Styles' argument that following Booker, a district court may not find that a defendant's predicate convictions qualify as "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(B). The question of whether prior felonies qualify as "violent" remains a matter of law to be determined by the court – not a question of fact to be found by the jury. This is

---

[1]Similarly, the district court properly held that Styles' prior Florida conviction for carrying a concealed weapon qualified as a violent felony under 18 U.S.C. § 924(e)(2)(b). A prior panel of this Court has already answered this question in the affirmative. United States v. Hall, 77 F.3d 398, 402 (11th Cir. 1996). As the district court was bound by this decision, so are we.

5

made clear by the Supreme Court's recent decision in <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005). <u>Shepard</u> confirms that "a *court* sentencing under [§ 924(e)] could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction" qualified as a violent felony. <u>Shepard</u>, 125 S.Ct. at 1257 (emphasis added). While <u>Shepard</u> thus limits the types of material a court may consider in making its "violent felony" determination, it in no way called into question a court's power to pass on this matter of law. <u>Accord</u> <u>United States v. Schlifer</u>, 403 F.3d 849, 852-53 (7th Cir. 2005) (refusing to "parse out the recidivism inquiry" where appellant argued that judge's findings as to whether prior convictions were for crimes of violence violated Sixth Amendment); <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir. 2005) (holding that <u>Shepard</u> "lends further support to the rule that *the sentencing court*, not a jury, must determine whether prior convictions qualify as violent felonies") (emphasis added).

STATUTORY BOOKER ERROR

While the district court thus committed no constitutional error, as a result of <u>Booker</u>'s remedial holding, <u>Booker</u> statutory error exists when the district court misapplies the sentencing guidelines by considering them as binding as opposed to advisory. <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

6

There can be no dispute that the district court here committed statutory error.

Moreover, in light of the district court's express statement that it would impose a

lower sentence if it had the discretion to do so, the government concedes that the

case should be remanded for resentencing.

## § 5K2.11 DOWNWARD DEPARTURE

While appellate review of a district court's decisions on downward

departures is limited, we may determine de novo whether a district court erred in

concluding that it lacked authority to depart downward. United States v.

Hadaway, 998 F.2d 917, 919 (11th Cir. 1993); United States v. Gilbert, 138 F.3d

1371, 1373 (11th Cir. 1998).

Here, the district court determined that it lacked the authority to depart

under § 5K2.11. That section provides:

> Sometimes, a defendant may commit a crime in order to avoid a
> perceived greater harm. In such instances, a reduced sentence may be
> appropriate, provided that the circumstances significantly diminish
> society's interest in punishing the conduct, for example, in the case of
> a mercy killing. Where the interest in punishment or deterrence is not
> reduced, a reduction in sentence is not warranted. For example,
> providing defense secrets to a hostile power should receive no lesser
> punishment simply because the defendant believed that the
> government's policies were misdirected.

> In other instances, conduct may not cause or threaten the harm
> or evil sought to be prevented by the law proscribing the offense at
> issue. For example, where a war veteran possessed a machine gun or

> grenade as a trophy, or a school teacher possessed controlled substances for display in a drug education program, a reduced sentence might be warranted.

U.S.S.G. § 5K2.11. In <u>Hadaway</u>, the defendant argued that he was entitled to a § 5K2.11 downward departure because his case was outside the heartland in that he did not possess the intent to use the gun for an unlawful purpose. <u>Hadaway</u>, 998 F.2d at 919-20. Though the district court believed that it lacked the authority to depart downward, we held that it "had the authority to depart downward if it were persuaded that Hadaway's case truly was 'atypical . . . where conduct significantly differs from the norm,' or that Hadaway's conduct threatened lesser harms . . . ." <u>Id.</u> at 920 (internal citations omitted). Under <u>Hadaway</u>, the district court here did have the authority to depart downward if it were persuaded by Styles's argument that his case was truly atypical or that his conduct threatened lesser harms than the conduct that Congress sought to address. <u>See</u> <u>Hadaway</u>, 998 F.2d at 920.

Moreover, <u>Booker</u> recognizes that after judges calculate and consider the applicable guidelines range, they have discretion to depart from that range and impose a more lenient or more severe sentence, so long as the resulting sentence is reasonable. <u>Booker</u>, 125 S.Ct. at 767; <u>United States v. Crawford</u>, 407 F.3d 1174, 1179 (11th Cir. 2005). As such, because Styles' preserved Booker statutory error

argument requires that we remand the case for resentencing under the guidelines scheme that <u>Booker</u> has rendered advisory, the district court will be obligated to recalculate the guidelines range, which remains an essential consideration in sentencing.  <u>Shelton</u>, 400 F.3d at 1332 n.9.  In making this guideline calculation, the district court may thus consider whether Styles' case merits a discretionary downward departure pursuant to § 5K2.11.

**VACATED AND REMANDED FOR RESENTENCING.**