# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3770

_____

United States of America,                    *
                                             *
            Plaintiff-Appellee,              *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Northern District of Iowa.
Gerald Leroy Vick, II,                       *
                                             *        [UNPUBLISHED]
            Defendant-Appellant.             *

_____

Submitted: May 12, 2005
    Filed: July 28, 2005

_____

Before MORRIS SHEPPARD ARNOLD, LAY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Defendant Gerald Vick pled guilty to possession of child pornography. The district court sentenced Vick to thirty-three months in prison, the statutory maximum under the United States Sentencing Guidelines, and three years of supervised release. The district court refused to apply Blakely v. Washington, 124 S. Ct. 2531 (2004), but imposed an alternative discretionary sentence of fifty-one months in the event that the guidelines were held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). One of the conditions imposed upon Vick's supervised release was that he was to have no contact with children under the age of eighteen, including his daughter, unless he was given prior written consent by his parole officer. Vick

requests that this court uphold the district court's sentence under the guidelines, and also argues that the district court abused its discretion by imposing a condition upon his supervised release which forbids him from seeing his daughter without written consent from his parole officer.

Although in light of Booker, the district court erred by sentencing Vick under a mandatory sentencing regime, the district court adopted a two-track sentencing procedure and imposed an alternative discretionary sentence of fifty-one months. In imposing its alternative sentence, the district court explicitly stated that it considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). Therefore, the error in the district court's primary sentence was harmless, and the district court's alternative sentence of fifty-one months must be adopted. See United States v. Marcussen, 403 F.3d 982, (8th Cir. 2005) (adopting the district court's alternative sentence where the district court considered the guidelines sentence and the factor of § 3553(a)). Additionally, given the Defendant's history, we find that the discretionary sentence of fifty-one months was reasonable. Booker, 125 S. Ct. at 765-66.

We also uphold the district court's supervised release conditions. The special condition that Vick have no contact with children under the age of eighteen without the written consent of his probation officer was tailored to his extensive history with minors, was reasonably related to the nature of seriousness of his offense, and was needed to deter Vick and protect the public. See U.S.S.G. § 5D1.3(b).

Accordingly, the district court's alternative sentence of fifty-one months imprisonment is adopted, and the conditions imposed upon Vick's supervised release are AFFIRMED.

_____