# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1481

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Western District of Arkansas.
Jorge Amezcua-Campos,                        *
                                             *    [UNPUBLISHED]
            Appellant.                       *

_____

Submitted: July 29, 2005
Filed: August 8, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jorge Amezcua-Campos appeals the sentence imposed after he pleaded guilty to illegal reentry. He argues the district court's[1] finding (under advisory Sentencing Guidelines) that his prior conviction resulted in a 12-level increase in his offense level violated the Sixth Amendment. While Amezcua-Campos does not dispute the existence of the conviction, he argues based on United States v. Booker, 125 S. Ct. 738 (2005), that a jury must decide whether and to what extent the conviction justified an enhancement. We have previously concluded, however, that a sentencing

_____

[1] The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

judge may find not only the existence of a prior conviction, but also whether the conviction is one of the types qualifying for a sentence enhancement. <u>See</u> <u>United States v. Kempis-Bonola</u>, 287 F.3d 699, 702-03 (8th Cir.), <u>cert. denied</u>, 537 U.S. 914 (2002). This principle was unchanged by Booker. <u>Cf.</u> <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir. 2005) (rejecting argument that nature of prior conviction is to be treated differently from fact of prior conviction).. Accordingly, we affirm.

_____