[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 19, 2005
THOMAS K. KAHN
CLERK

No. 04-14840
Non-Argument Calendar
_____

D. C. Docket No. 04-60123-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS GERALD INDELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2005)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Louis Gerald Indell appeals his sentence imposed after pleading guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), asserting the district court erred under *United States v. Booker*, 125 S. Ct. 738 (2005). We vacate and remand for resentencing.

## I. DISCUSSION

Because Indell raised a constitutional objection to his sentence based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements, imposed under a mandatory Guidelines system, neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

A.     *Constitutional Error*

1. *Constitutional Error*

A district court does not commit *Booker* constitutional error by relying on past convictions to enhance a defendant's sentence. *Shelton*, 400 F.3d at 1329.

Because Indell's sentence was enhanced based on past convictions, there is no constitutional error.[1]

B.       *Statutory Error*

Although the district court committed no constitutional error in sentencing Indell, because the district court sentenced him under a mandatory Guidelines scheme, there was *Booker* statutory error. *See Shelton*, 400 F.3d at 1330–31. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia*, 11th Cir., 2005, __ F.3d __ (No. 04-15250, May 23, 2005) (internal quotation marks and brackets omitted). The Government has the burden of showing the error was harmless. *Id.*

---

[1] In his reply brief, Indell argues that *United States v. Shepard*, 125 S. Ct. 1254 (2005), mandates a jury must find the facts underlying his prior convictions that trigger enhancements. We disagree. *Shepard* reaffirmed "a *court* . . . could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction" qualified as a violent felony. *Id.* at 1257 (emphasis added). While *Shepard* limited the categories of material a court could consider in making a violent felony determination, it did not take away a judge's power to pass on this matter of law or even suggest it was appropriate for jury consideration. *See United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005) ("The Supreme Court's post-*Booker* opinion in *Shepard v. United States* lends further support to the rule that the sentencing court, not a jury, must determine whether the prior convictions qualify as violent felonies.").

In *United States v. Davis*, 407 F.3d 1269, 1271 (11th Cir. 2005), using the higher harmless beyond a reasonable doubt standard used in *Booker* constitutional error cases, we held the district court's grant of the government's U.S.S.G. § 5K1.1 motion for a downward departure based on the defendant's substantial assistance neither removed nor rendered harmless beyond a reasonable doubt any *Booker* error. In so holding, we reasoned the § 5K1.1 motion did not give the sentencing court "unfettered" discretion, as argued by the government, but rather gave the court only limited discretion to consider the defendant's assistance. *Id.* Noting the sentencing court could not permissibly consider the sentencing factors announced in 18 U.S.C. § 3553(a) when exercising its discretion, we concluded it was unclear what the sentencing court would have done had it understood the Guidelines to be advisory and had properly considered the § 3553(a) factors. *Id.*

The Government asserts the error is harmless because Indell made two requests for downward departures that provided the district court with discretion to give Indell a sentence lower than the bottom of the Guidelines range, and the district court declined to depart downward. We conclude the error was not harmless. In reviewing the record, it is unclear what the sentencing court would have done had it understood the Guidelines to be advisory. Although the sentencing court commented that Indell's criminal history reflected a need to

protect the public and that Indell would be "better off" incarcerated in light of his drinking problem, thus considering the need to protect the public and provide the defendant with needed medical care, *see* 18 U.S.C. § 3553(a)(2)(C), (D), we cannot say what the sentencing court would have done had it understood the Guidelines to be advisory. The Government cannot show the sentence was not substantially swayed by the error. *See United States v. Mathenia*, 11th Cir., 2005, __ F.3d __ (No. 04-15250, May 23, 2005).

## II.  CONCLUSION

The district court erred in treating the Guidelines as mandatory, and that error was not harmless. Thus, we vacate and remand for resentencing in light of *Booker*. We note the district court correctly calculated Indell's Guidelines range of 30 to 37 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Indell according to *Booker*, considering the Guidelines advisory range of 30 to 37 months'

imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a)

(Supp. 2004)." *Booker*, 125 S. Ct. at 757.[2]

      VACATED AND REMANDED.

---

[2]  We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold the Government did not meet its burden of showing the *Booker* statutory error is harmless. We also will not attempt to decide now whether a particular sentence below the Guidelines range might be reasonable in this case.