[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2005
THOMAS K. KAHN
CLERK

No. 04-15458
Non-Argument Calendar

_____

D.C. Docket No. 02-00249-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 13, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Bernard Cunningham raises a single issue on appeal: whether the district court committed Booker error, United States v. Booker, 125 S.Ct. 738 (2005),[*] when it enhanced his sentence based upon the district court's finding that he was an armed career criminal under 18 U.S.C. § 924(e). No reversible error has been shown; we affirm.

Cunningham pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), without a plea agreement. The maximum sentence for violation of § 922(g) -- if the armed career criminal enhancement has no application -- is 10 years imprisonment. See 18 U.S.C. § 924(a)(2). But a defendant who violates § 922(g) and who has been convicted previously of three or more offenses which are drug trafficking crimes or crimes of violence ("predicate offenses") faces a mandatory minimum 180-month sentence and maximum life sentence as an armed career offender under 18 U.S.C. § 924(e). The indictment of Cunningham referenced five prior felony convictions -- three of which served as predicate offenses for application of the section 924(e) enhancement -- but the indictment failed to allege expressly that these offenses were section 924(e) predicate offenses or even that Cunningham was subject to an

---

[*]Cunningham's brief was filed before the Supreme Court issued its Booker opinion; his brief relies on Blakely v. Washington, 124 S.Ct. 2531 (2004).

enhanced sentence as a career offender. Cunningham preserved a Blakely objection at sentencing and argues on appeal that his predicate convictions were neither admitted by him nor proved to the jury beyond a reasonable doubt.

As Cunningham concedes, his argument runs counter to Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), wherein the Supreme Court determined that recidivism is no separate element of an offense; the government can seek an enhanced penalty based upon an earlier conviction without charging the fact of the earlier conviction in the indictment and without proving the earlier conviction beyond a reasonable doubt. Id. at 1228-29; see also United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S.Ct. 637(2004). Although the Supreme Court cast a shadow on Almendarez-Torres in Apprendi v. New Jersey, 120 S.Ct 2348, 2362 (2000), Apprendi exempted explicitly prior convictions from its declaration that a defendant's sentence may not be increased beyond the statutory maximum on the basis of judicial factual findings. Id. at 2362-63; see United States v. Guadamuz-Solis, 232 F.3d 1363 (11th Cir. 2000) (affirming the continued efficacy of Almendarez-Torres in the light of Apprendi). Blakely, too, allowed an exception for the fact of a prior conviction from its general proscription against the use of judicially determined facts to increase a sentence. Blakely, 124 S.Ct. at 2536; see Marseille, 377 F.3d at 1258 n.14 (recognizing that

3

Blakely leaves prior conviction fact-finding with the court). And again, in Booker, 125 S.Ct. at 756, the Supreme Court reaffirmed its holding in Apprendi and again exempted prior convictions from the ambit of impermissible judicial fact-finding.

Post-Booker, this Court has said that Almendarez-Torres remains good law notwithstanding Apprendi and its progeny. In United States v. Orduno-Mireles, 405 F.3d 960 (11th Cir. 2005), we noted that the rationale for excepting prior convictions is clear: "'a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'" Id. at 962, *quoting* Jones v. United States, 119 S.Ct. 1215, 1227 (1999). Consequently, the Supreme Court's Booker conclusion that a mandatory application of the guidelines is inconsistent with a defendant's Sixth Amendment rights, "is not implicated when a defendant's sentence is enhanced based on a prior conviction." Orduno-Mireles, 405 F.3d at 962.

The Supreme Court's decision in Shepard v. United States, 125 S.Ct. 1254 (2005), which Cunningham calls to our attention as supplemental authority pursuant to Fed.R.App.P. 28(j), is not to the contrary. Shephard limits the kinds of material a court may consider in determining whether a prior conviction constitutes a "violent felony" for purposes of § 924(e); it nonetheless leaves that

4

determination to the sentencing judge. See United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005) (stating that Shepard "lends further support to the rule that the sentencing court, not a jury, must determine whether prior convictions qualify as violent felonies"). And Cunningham does not argue on appeal that his convictions were insufficient legally to trigger a § 924(e) enhancement. Shephard does not change our conclusions in this case. See Orduno-Mireles, 405 F.3d at 962 n.3.

Because the sentencing court was bound by the statutory mandatory minimum sentence, no issue of statutory Booker error is presented by this appeal. See United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

AFFIRMED.