**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4705**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ERNEST GENE HUMPHRIES, III,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-04-18; CR-04-19)

———————

Submitted:  August 10, 2005      Decided:  September 19, 2005

———————

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Michael F. Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ernest Gene Humphries, III, pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (2000). He was sentenced to a 151-month term of imprisonment on both counts, to run concurrently. On appeal, Humphries, challenging only his sentence, claims that he was improperly sentenced under the United States Sentencing Guidelines in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

At sentencing on August 6, 2004, Humphries argued that Blakely v. Washington, 542 U.S. 296 (2004), invalidated the guidelines and the career offender provisions of the guidelines. He also argued that one of his predicate offenses that qualified him as a career offender, a state conviction for attempted common law robbery, would not qualify as a crime punishable by a term of imprisonment of one year if the Blakely holding applied to the sentencing of the common law robbery case. The district court rejected these objections.

The Supreme Court held in United States v. Booker, 125 S. Ct. 738, 746, 750 (2005), that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions,

18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 756-57).

In United States v. Harp, this court, applying the plain error standard, found that, even if the district court committed plain error when it determined that the defendant was a career offender without the elements of that designation having been charged in an indictment, this court would not exercise its discretion to correct that error. 406 F.3d 242, 247 (4th Cir. 2005). While Harp viewed the issue through a plain error analysis, other circuits have directly answered this issue. "Career offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.' . . . Booker explicitly excepts from Sixth Amendment analysis the third component of the crime of violence determination, the fact of two prior convictions." United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005). The Eighth Circuit has ruled that a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005). "Once the sentencing court determines that a prior conviction exists, it is a legal question for the court whether the crime meets the 'crime of

violence' definition of § 4B1.2." Id.; see also United States v. Schlifer, 403 F.3d 849, 853 (7th Cir. 2005) (the district court did not engage in impermissible factfinding with respect to its determination that defendant was a career offender, and his sentence did not violate the Sixth Amendment). We therefore conclude that there was no reversible error in applying the career offender enhancement.

Humphries also argues that one of the underlying offenses, attempted common law robbery, which counted as a qualifying predicate offense for the application of United States Sentencing Guidelines § 4B1.1 (2003), the career offender guideline, should no longer be counted as a qualifying offense because post-Blakely, Humphries' conviction was not punishable for more than one year. In order for Humphries to be designated a career offender, the Government had to establish that Humphries had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a). A felony offense is one punishable by over one year in prison.

The pre-sentence report (PSR) cited three qualifying convictions, when only two are needed to qualify as a career offender. The PSR lists the convictions for felonious possession with intent to sell or deliver marijuana, felonious attempted robbery, and misdemeanor assault with a deadly weapon. Humphries contends that post-Blakely, on the attempted robbery conviction, he

could no longer be sentenced to over one year. This is the same argument advanced by the defendant in <u>Harp</u> and rejected by this court. <u>Harp</u>, 406 F.3d at 246-47. Finally, as the Government notes, even without consideration of the contested conviction, Humphries has the requisite two qualifying convictions needed to apply the enhancement. We therefore conclude that the district court did not err in designating Humphries as a career offender and that the enhancement does not violate the Sixth Amendment.

Humphries also challenges his criminal history category under the Sixth Amendment, because the facts giving rise to these calculations were not charged in the indictment or proven beyond a reasonable doubt. Humphries asserts that the court had to make factual findings beyond the mere fact of conviction. Although Humphries points to no specific findings by the district court, he generally asserts that the factual findings necessary to apply the guidelines' criminal history provisions make those provisions very different from the simple finding of the fact of a conviction.

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 490. In <u>Booker</u>, the Supreme Court reaffirmed its holding in <u>Apprendi</u>. <u>See</u> <u>Booker</u>, 125 S. Ct. at 756 (Stevens, J., opinion of the Court). However, this

- 5 -

court has stated that not all prior convictions fall within the Apprendi exception framework.

In United States v. Washington, 404 F.3d 834, 842 (4th Cir. 2005), this court, applying the Supreme Court's decision in Shepard, held that relying on facts outside the indictment in order to conclude a prior conviction for burglary was a crime of violence that enhanced the defendant's offense level was plain error. Humphries' case is distinguishable from the facts in Washington because the district court's assessment of criminal history points in this case was based on the summary of the convictions in the presentence report, to which Humphries did not raise any factual objections, and involved determining only when Humphries committed the past offenses relative to the date that he committed the instant offenses. Cf. United States v. Collins, 412 F.3d 515, 522 (4th Cir. 2005) (finding that application of career offender enhancement did not violate Booker where facts were undisputed, thereby making it unnecessary to engage in further fact finding about a prior conviction). We therefore conclude that the district court's assessment of criminal history points did not violate the Sixth Amendment. See Shepard, 125 S. Ct. at 1263 (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record); Washington, 404 F.3d at 842 n.10 (noting that the

Government's representations as to the disputed facts were not specified in the charging and plea documents).

We therefore affirm Humphries' convictions and sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Humphries does not contest his convictions.