[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10394
Non-Argument Calendar

_____

D. C. Docket No. 04-14041-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWITT FERGUSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2005)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Dewitt Ferguson appeals his sentence of 180 months' imprisonment,

imposed following his guilty pleas for conspiracy to make a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 371 and § 924(a), making a false statement to a licensed firearms dealer, in violation of 18 U.S.C. § 924(a), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). For the reasons that follow, we affirm.

## I. Background

Ferguson with two co-defendants was indicted for conspiracy to make a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 371 and § 924(a), making a false statement to a licensed firearms dealer, in violation of 18 U.S.C. § 924(a), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Ferguson pleaded guilty to the three counts without a written plea agreement.

At the change of plea hearing, Ferguson and the government stipulated that Ferguson's co-defendant Charles Ward wired money to co-defendant Denesha Lewis for Lewis to use to obtain a Florida identification card using a false address Ferguson had provided. Lewis then used the fake identification to complete ATF Form 4473, required for purchase of the firearms, and she gave the guns to Ward and Ferguson. The court told Ferguson that he faced a mandatory minimum sentence of 180 months' imprisonment pursuant to 18 U.S.C. § 924(e)'s armed

2

career criminal provision if he had three prior violent felony or serious drug convictions. Ferguson also stipulated that he had prior state court convictions for possession with intent to deliver cocaine, possession of cocaine, and possession with intent to sell cocaine, but he asserted that only one conviction fit the requirements of 18 U.S.C. § 924(e).

The probation officer prepared a presentence investigation report ("PSI") in which he assigned Ferguson a base offense level of 22 under U.S.S.G. § 2K2.1 for Count Three and added a two-level increase because of the number of firearms. The probation officer also added a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) because the firearms were to be used or possessed in connection with a felony offense (drug trafficking) and a two-level enhancement because Ferguson was a leader or organizer in the offenses. Ferguson's adjusted offense level was now 30, which was increased to 33 because of Ferguson's status as an armed career criminal under 18 U.S.C. § 924(e) but reduced to 30 again because of Ferguson's acceptance of responsibility.

The probation officer delineated Ferguson's lengthy criminal history, and after considering the number of points assigned and Ferguson's status as an armed career criminal, determined that Ferguson's criminal history category was IV. An adjusted offense level of 30 coupled with a Criminal History category IV, resulted

in a guidelines range of 135 to 168 months. Because of Ferguson's status as an armed career criminal, however, Count Three carried a mandatory minimum sentence of 180 months' imprisonment under U.S.S.G. §§ 5G1.1(b) and 5G1.2(b).

Ferguson objected to the sentencing recommendations, arguing that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2005), applied to and struck down the federal Sentencing Guidelines. The court overruled Ferguson's objection because the Eleventh Circuit had not applied <u>Blakely</u> to the federal sentencing guidelines and stated that it would sentence Ferguson under the guidelines. The court adopted the PSI and sentenced Ferguson to 60 months each on Counts 1 and 2, and the mandatory minimum of 180 months on Count 3, all to be served concurrently.

## II. Discussion

Ferguson argues that the court erroneously relied on his prior convictions when enhancing his sentence under the armed career criminal provision of § 924(e) and violated the Supreme Court's recent decision in <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738, 749-56 (2005). In <u>Booker</u>, the Supreme Court extended <u>Blakely</u> to the federal sentencing guidelines and held "that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge

4

that were neither admitted by the defendant nor found by the jury." Booker, 125 S. Ct. at 749-56. In United States v. Shelton, we held that there are two types of Booker errors: constitutional and statutory. United States v. Shelton, 400 F.3d 1325, 1326 (11th Cir. 2005). Constitutional Booker error is a Sixth Amendment violation that occurs when, under a mandatory guidelines scheme, the judge enhances the defendant's sentence by using facts that neither the defendant admitted nor the jury found beyond a reasonable doubt. Statutory Booker error occurs when a judge sentences a defendant under mandatory, instead of advisory, guidelines.

Ferguson properly preserved his claim in the district court, and we review the alleged error de novo. We will reverse only if the error was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). To show constitutional harmless error, the government must show that the error did not affect the defendant's substantial rights. To show statutory harmless error, the government's burden is less stringent: the government must show that, viewing the proceedings in their entirety, the error had no effect, or a very slight effect, on the sentence. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005).

Here, the court did not commit constitutional Booker error by using Ferguson's prior convictions to enhance his sentence. In Almendarez-Torres v.

5

United States, the Supreme Court held that a defendant's sentence can be enhanced based on the fact of prior conviction, even if neither the jury found nor the defendant admitted that fact. Even though several recent Supreme Court cases call the precedent into question, the Court has never overturned its precedent, and we have continued to follow Almendarez-Torres since Booker. See, e.g., United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005); United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005). Moreover, Ferguson concedes that he admitted the fact of the previous convictions used to support his status as an armed career criminal, thereby allowing the court to use the convictions to enhance his sentence.

Next, Ferguson asserts that even though he admitted the previous convictions, the court erred in determining that the convictions were predicate offenses for purposes of § 924(e) and violated even a narrow reading of Almendarez-Torres. Because Ferguson failed to raise this argument in the district court, we review the district court's decision for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); United States v. Olano, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776 (1993). "Plain error occurs when (1) there is an error, (2) that is plain or obvious, (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless, and (4) that seriously affects the fairness,

6

integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566; Olano, 507 U.S. at 732. Under § 924(e), an offense qualifies as a predicate offense if it is a serious drug offense or a violent felony. A "serious drug offense" is defined as a state offense, carrying a maximum sentence of ten years or more and involving, inter alia, possessing with intent to distribute a controlled substance as defined under federal law. 18 U.S.C. § 924(e)(2)(A)(ii) (2005). A "violent felony" is defined as:

> any crime punishable by imprisonment for a term
> exceeding one year, or any act of juvenile delinquency
> involving the use or carrying of a firearm, knife, or
> destructive device that would be punishable by
> imprisonment for such term if committed by an adult,
> that (i) has as an element the use, attempted use, or
> threatened use of physical force against the person of
> another; or (ii) is burglary, arson, or extortion, involves
> use of explosives, or otherwise involves conduct that
> presents a serious potential risk of physical injury to
> another . . . .

18 U.S.C. § 924(e)(2)(B). Here, the PSI noted Ferguson's prior convictions for

adjudication of delinquency for armed burglary, aggravated assault, possession of cocaine with intent to deliver, possession of cocaine with intent to sell, and possession of counterfeit cocaine with intent to distribute. Ferguson failed to object to the PSI's factual findings and only objected to the use of the convictions as predicate offenses. Because he failed to object to the factual findings, they are deemed admitted. United States v. Burge, 407 F.3d 1183(11th Cir. 2005), petition for cert. filed, (July 27, 2005) (No. 05-5601); Shelton, 400 F.3d at 1330.

Ferguson cannot show that the court plainly erred in determining that the convictions were predicate offenses. This court has held that a district court does not commit Booker error when the court determines that convictions qualify as predicate offenses. United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005); United States v. Cook, No. 04-14912, 2005 WL 1663164, at *6 (11th Cir. July 18, 2005); Shelton, 400 F.3d at 1329; United States v. Cunningham, No. 04-15458, 2005 WL 2211578, at *2 (11th Cir. Sept. 13, 2005) (unpublished). Furthermore, the evidence supports the findings that at least three of these offenses qualify as predicate offenses under § 924(e).

First, each of Ferguson's drug convictions qualifies as a "serious drug offense" because each involves possession with intent to deliver and sell and carries a maximum sentence of ten years or more. Ferguson incorrectly relies on

8

his contention that the "judgment papers" from the convicting court, which are not part of the record, fail to specify whether one of the convictions was for sale or for mere possession; the PSI clearly states that the conviction was "possession of Cocaine with intent to sell." Ferguson also erroneously argues that his conviction for possession of a counterfeit substance with intent to distribute cannot be a predicate offense. Yet, the Controlled Substances Act and § 924(e) make clear that this is a predicate offense. 21 U.S.C. § 841(a)(2) (2005). Additionally, Ferguson admitted that a conviction for possession with intent to deliver cocaine qualified as a predicate offense. Second, Ferguson's convictions for aggravated assault and armed burglary qualify as violent felonies because they involve the use of force or risk of physical injury. Ferguson argues that the court erred in counting one of these convictions as a predicate offense, but because three convictions clearly qualify as predicate offenses under § 924(e), the court properly sentenced him to the mandatory minimum of 180 months' imprisonment.

Finally, Ferguson contends that the court erred in (1) imposing other enhancements, such as for role in the offense, that increased his sentences above the Guidelines' maximum and (2) in applying the Guidelines as mandatory, instead of as advisory. Even if we find that the court erred in these respects, the government meets the standards for constitutional <u>Booker</u> error and statutory

9

Booker error respectively.  Ferguson faced a mandatory minimum sentence of 180 months' imprisonment for his status as an armed career criminal.  Booker did not overturn the Supreme Court's decision in Harris v. United States, 536 U.S. 545, 568-69, 122 S. Ct. 2406, 2420 (2002), a post-Apprendi decision upholding mandatory minimum sentences, and we have continued to follow Harris in light of Blakely and Booker.  United States v. Crawford, 133 Fed. Appx. 612, 619-21 (11th Cir. 2005).  The court sentenced Ferguson to the mandatory minimum of 180 months' imprisonment for his status as an armed career criminal with the other sentences to run concurrently.  Therefore, any sentencing errors as to Counts One and Two meet the constitutional Booker error standard of being harmless beyond a reasonable doubt and obviously meet the statutory Booker error standard, too.

Accordingly, because the district court did not violate Booker, we **AFFIRM.**