# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

Nos. 05-1448/1633

—————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Cross-Appellant/Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Jose Huerta-Rodriguez, | * | [UNPUBLISHED] |
| | * | |
| Appellant/Cross-Appellee. | * | |

—————————

Submitted: December 13, 2005
Filed: December 16, 2005

—————————

Before BYE, BEAM, and GRUENDER, Circuit Judges.

—————————

PER CURIAM.

The United States and Jose Huerta-Rodriguez both appeal the district court's[1] sentence of Huerta-Rodriguez. We affirm.

We first note the United States did not brief the questions raised in its cross-appeal. Instead, it urges us to affirm the district court's sentence. We consider questions not argued to be abandoned and do not consider them. <u>United States v.</u>

_____

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

<u>Reinholz</u>, 245 F.3d 765, 780 (8th Cir. 2001). We therefore only address Huerta-Rodriguez's appeal of his sentence of thirty-six months of imprisonment and three years of supervised release.

Huerta-Rodriguez argues we should remand for resentencing because his sentence is unreasonable. In determining whether a sentence is reasonable, we consider how the sentence measures against the factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Marcussen</u>, 403 F.3d 982, 985 (8th Cir. 2005). "To make the reasonableness determination, we ask whether the district court abused its discretion." <u>United States v. Pizano</u>, 403 F.3d 991, 995 (8th Cir. 2005).

In the instant case, the district court carefully reviewed the § 3553(a) factors and, based upon them, imposed a sentence lower than the presumptively reasonable guideline range. In doing so, the district court considered the overstatement of Huerta-Rodriguez's criminal history and noted his prior conduct made him a troublemaker and perhaps even "undesirable." The court recognized the Guidelines seek to prevent undesirable individuals from entering or reentering the United States. Recognizing the value of specific deterrence, the district court determined a sentence of thirty-six months of imprisonment and three years of supervised release was just and would ensure parity among defendants, would properly account for Huerta-Rodriguez's background and history, and would reflect the seriousness of the offense and promote respect for the law. We conclude the district court did not abuse its discretion and view the sentence as being reasonable.

We therefore affirm the district court.

_____