# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2001

_____

United States of America,       *
            *
       Appellee,       *   Appeal from the United States
            *   District Court for the Western
  v.                *   District of Missouri.
            *
James T. Dawn,       *      [UNPUBLISHED]
            *
       Appellant.      *

_____

Submitted:  May 12, 2006
Filed:  May 12, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

James T. Dawn appeals the 180-month prison sentence the district court[*] imposed after Dawn pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Counsel first argues the district court's imposition of the mandatory minimum sentence mandated by section 924(e) is cruel and unusual punishment in violation of

_____

[*]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

the Eighth Amendment. This argument fails. See United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only sentences grossly disproportionate to crime); United States v. Johnson, 22 F.3d 674, 682-83 (6th Cir. 1994) (15-year sentence imposed on basis of prior convictions was not grossly disproportionate to felon-in-possession offense); United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (mandatory minimum sentencing does not violate defendant's constitutional rights).

Counsel next argues the district court violated Dawn's Sixth Amendment rights because Dawn's sentence was enhanced based on earlier convictions not proven to a jury beyond a reasonable doubt. This argument also fails. See United States v. Booker, 543 U.S. 220, 244 (2005) (any fact, other than earlier convictions, necessary to support sentence exceeding maximum authorized by facts established by guilty plea or jury verdict must be admitted by defendant or proved to jury beyond a reasonable doubt); cf. United States v. Marcussen, 403 F.3d 982, 984 (8th Cir.) (district court, not jury, determines whether earlier convictions subject defendant to be sentenced as career offender), cert. denied, 126 S. Ct. 457 (2005).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw.

_____