[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10333
Non-Argument Calendar

_____

D. C. Docket No. 03-20585-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORREY STYLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2006)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Torrey Styles appeals his 180-month sentence, imposed on remand,

following his conviction under 18 U.S.C. §§ 922(g)(1) and 924(e) for possession of a firearm by a convicted felon. Originally sentenced as an armed career criminal to 210 months imprisonment, Styles argued on appeal that the district court erred by (1) applying the guidelines as mandatory; (2) sentencing him under the Armed Carreer Criminal Act ("ACCA") where the indictment did not include his prior felony convictions; (3) finding that his prior convictions were violent felonies where that characterization was neither pled in the indictment nor found by the jury; (4) concluding that it did not have the authority to depart downward under U.S.S.G. § 5K2.11; and (5) concluding that a prior conviction for carrying a concealed firearm was a violent felony under the ACCA.

In United States v. Styles, 139 Fed. Appx. 249, 250 (11th Cir. 2005), we held that Styles' initial sentence was properly enhanced under ACCA on the basis of prior convictions determined by the judge to be violent felonies. Id. at 250-52. We remanded for resentencing, however, because the district court committed statutory Booker error when it failed to recognize its authority to downward depart under § 5K2.11. Id. at 252-53. On remand, the district court imposed a downward variance, sentencing Styles to 180 months imprisonment.

Styles now argues that (1) his ACCA-enhanced sentence in excess of ten years violates the Fifth and Sixth Amendments because his three prior felony

2

convictions were not charged in the indictment; (2) the ACCA enhancements to his sentence violate the Fifth and Sixth Amendments because the indictment did not charge and the jury did not find that his prior convictions arose out of violent felonies; and (3) carrying a concealed firearm is not a violent felony.

The government argues that Styles' claims are precluded by the law of the case doctrine. Under that doctrine, "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Id. (internal quotation marks omitted). United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005). "While the 'law of the case' doctrine is not an inexorable command," it should apply "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997) (quoting White v. Murtha, 377 F.2d 428, 431-32 (5th Cir.1967)).

Upon careful consideration of the parties' briefs and the record, we agree with the government that the law of the case doctrine must apply here. All of the issues presently raised by Styles were previously raised and considered in the appeal of his prior, vacated sentence. Styles, 139 Fed. Appx. at 250-52. None of

3

the exceptions to the law of the case doctrine apply here: there has been no intervening trial; Styles relies upon authority which existed at the time of the original appeal; and Styles does not demonstrate that the decision below was clearly erroneous, let alone a manifest injustice. Accordingly, Styles' sentence is

**AFFIRMED.**