# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4115

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Gregory Burns, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 12, 2005
Filed: June 10, 2005

_____

Before COLLOTON, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Gregory Burns appeals a sentence of 292 months' imprisonment imposed by the district court after Burns pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Burns wishes to argue that the sentence imposed was contrary to the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

The government has moved to dismiss the appeal based on a paragraph in a plea agreement executed by Burns and the government. The agreement provides in relevant part that:

> both defendant and the Government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, *any issues relating to*: pre-trial motions, hearings and discovery; the negotiation, taking, or acceptance of the guilty plea; the factual basis for the plea; *the sentence imposed*; and the establishment of the Total Offense Level or Criminal History Category determined by the Court.

(emphasis added). Burns does not assert that *Booker* claims fall outside the scope of the appeal waiver, or that the waiver was not knowing and voluntary. He does contend, however, that the appeal waiver should not be enforced, because his sentence is "illegal" under *Booker*, and the imposition of an illegal sentence is a "miscarriage of justice" that precludes enforcement of an appeal waiver under our court's decision in *United States v. Andis*, 333 F.3d 886 (8th Cir.) (en banc), *cert. denied*, 540 U.S. 997 (2003).

Burns was sentenced as a "career offender" under USSG § 4B1.1 after the district court found that he had sustained two prior convictions for either a crime of violence or a controlled substance offense. We disagree with Burns's contention that the district court violated the Sixth Amendment by sentencing him as a career offender under the mandatory sentencing guidelines. *Booker* held that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756 (emphasis added). Burns points to no fact other than a prior conviction that increased the maximum authorized sentence in his case, so we conclude that he has not established a constitutional violation. *See United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005).

-2-

We do believe, however, that Burns has asserted a *non*-constitutional error under *Booker*, because the district court sentenced Burns pursuant to the mandatory guidelines, rather than under an advisory guideline scheme. In other words, the district court operated as though it was bound to sentence Burns within a guideline range of 292 to 365 months (based on a total offense level of 35 and a criminal history category VI), even though the court could have sentenced him to a lesser term of imprisonment if there were "reasonable" grounds to do so under 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 757, 765. Burns raised an objection based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), at his sentencing hearing, and this objection may well have been sufficient to preserve a claim of non-constitutional *Booker* error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Because Burns was sentenced at the bottom of the mandatory guideline range, he perhaps would be entitled to a remand for resentencing if he has not waived his right to appeal. *See United States v. Haidley*, 400 F.3d 642, 645 (8th Cir. 2005).

We nonetheless conclude that Burns waived his right to appeal the sentence imposed and that the waiver is enforceable. We held in *United States v. Andis*, 333 F.3d 886, that valid appeal waivers generally are enforceable, subject only to an exception where enforcement would result in a "miscarriage of justice." While the court did say that an "illegal sentence" could be a "miscarriage of justice," we emphasized that the exception to general enforceability of appeal waivers was "extremely narrow" and said that "[a]ny sentence imposed within the statutory range is not subject to appeal." *Id*. at 892. For purposes of considering enforcement of appeal waivers, the *Andis* court used a specialized meaning of "illegal sentence," to wit: a sentence outside the statutory range authorized for the offenses of conviction. Burns's sentence was consistent with the statutory provisions; his only argument is that the district court could have sentenced him elsewhere within the statutory range. We conclude that this possibility does not establish a "miscarriage of justice" within the meaning of *Andis*. *Accord United States v. Green*, 405 F.3d 1180, 1191-94 (10th Cir. 2005). This holding is consistent with our decisions in *United States v. Killgo*,

397 F.3d 628, 630 n.2 (8th Cir. 2005), and *United States v. Fogg*, 2005 WL 1186535, at * 1-2 (8th Cir. May 20, 2005), which enforced appeal waivers with respect to claims based on *Booker*.[1]

Accordingly, the government's motion to dismiss the appeal is granted, and the appeal is dismissed.

———————————————————

[1]Our court in *Killgo* also said that the appeal waiver in that case "did not waive the application of a constitutional standard of review on appeal," 397 F.3d at 630 n.4, and proceeded to review Killgo's sentence for "unreasonableness" with regard to 18 U.S.C. § 3553(a) as prescribed by *Booker*. *Id.* at 630-32. We are not sure what the *Killgo* panel meant by a "constitutional standard of review" that was not waived in Killgo's plea agreement, because the "reasonableness" standard of review adopted in *Booker* was not dictated by the Constitution. *See Booker*, 125 S. Ct. at 766 ("[W]e read the *statute* as implying this appellate standard of review.") (emphasis added). We are unsure why a defendant's waiver of a Sixth Amendment claim under *Booker* would be enforceable, while his waiver of a non-constitutional claim that a sentence is unreasonable with regard to § 3553(a) would be unenforceable. In any event, Burns does not argue that his sentence is "unreasonable" with respect to § 3553(a), so we need not address whether the appeal waiver in this case would be enforceable with respect to such an argument.