# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2356

_____

United States of America,       *
                                 *

         Appellee,       *

                                 *

      v.               *    Appeal from the United States
                                 *    District Court for the

Antonio Gromyko Reeves, also known  *    Eastern District of Missouri.
as, Meckeo O. Scott,           *

                                 *

        Appellant.      *

_____

Submitted: February 14, 2005
Filed: June 10, 2005

_____

Before WOLLMAN, McMILLIAN and BENTON, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Antonio Gromyko Reeves appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri following his plea of guilty to distribution of 5 or more grams of crack cocaine, in violation of 21 U.S.C. § 841. Reeves argues that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1. We dismiss the appeal.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

In January 2004, Reeves and the government entered into a written plea agreement, in which Reeves admitted that he had sold over 6 grams of crack cocaine to an undercover officer. Reeves also "admitt[ed] that he ha[d] two prior felony convictions of either a crime of violence or a controlled substance offense," citing a 1997 conviction for attempted arson and a 1997 conviction for sale of a controlled substance. In the plea agreement, the government noted its belief that Reeves should be sentenced under § 4B1.1, which, as relevant here, provides that a defendant shall be sentenced as a career offender if the offense of conviction is a felony drug conviction and the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." As applied to Reeves, application of § 4B1.1 resulted in an offense level of 34 and a criminal history category of VI, with a sentencing range of 262 to 327 months. Despite the admission of his two prior felony convictions, in the plea agreement, Reeves reserved the "right to argue the applicability of U.S.S.G. § 4B1.1 at the time of sentencing."

In relevant part, the plea agreement also provided:

> The defendant has been fully apprised by defense counsel of [his] rights to appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742. However, in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to . . . whatever sentence is imposed, any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court, except that the parties reserve the right to appeal from any Chapter 5 upward or downward departure from the Guidelines range if such departure is not agreed to in this document . . . The Guidelines range will be determined by the District Court and shall not be subject to appeal.

(emphasis added).

At the change of plea hearing, the following colloquy occurred:

Court: By signing this [plea] agreement, Mr. Reeves, you have waived a number of your appellate rights. You still reserve the right to appeal if I should sentence you in an upward departure from the Sentencing Guidelines range. You still have that right to appeal. Do you understand?

Reeves: Yes, sir.

Court: You, by signing this agreement, waive all rights to contest the conviction or sentence except for grounds of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing in any post-conviction . . . or by means of any petition for relief of any description. Other than those reserved rights, all of your appellate rights are waived. Do you understand?

Reeves: Yes, Sir.

Over Reeves's objection, the district court sentenced Reeves as a career offender under § 4B1.1. The district court rejected his argument that the 1997 conviction for attempted arson was not a crime of violence, noting that § 4B1.2 listed arson as a crime of violence and provided that a crime of violence included an "attempt[] to commit such an offense." After deducting three levels for acceptance of responsibility, the district court calculated Reeves's sentencing guidelines range (based on an offense level of 31 and criminal history category of VI) as 188 to 235 months and sentenced him to 188 months imprisonment.

On appeal, Reeves challenges his sentence, arguing that the district court erred in applying § 4B1.1. The government argues that Reeves waived his right to appeal his sentence. We agree with the government. "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." United

States v. Andis, 333 F.3d 886, 889-90 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003) (Andis).  In determining the scope of an appeal waiver, we, of course, must look to the language of the waiver.  For example, in United States v. Lea, 400 F.3d 1115, 1116 (8th Cir. 2005), this court held that the language of a waiver that allowed the defendant to appeal a sentencing issue not specifically addressed in the waiver did not preclude a challenge to his sentence under United States v. Booker, 125 S. Ct. 738 (2005) (Booker).  In contrast, the language of the waiver in this case is very broad. Reeves agreed that the "Guidelines range . . . shall not be subject to appeal" and to "waive all rights to appeal . . .  whatever sentence is imposed," reserving only the right to appeal a Chapter 5 upward departure.  Thus, Reeves's challenge to the application of § 4B1.1 falls within the scope of the waiver.  See Andis, 333 F.3d at 892 (waiver of "all rights to appeal whatever sentence is imposed" foreclosed challenge to conditions of supervised release).

In addition, Reeves does not dispute that at the time he entered into the plea agreement and waiver, he did so knowingly and voluntarily.  As noted above, at the change of plea hearing the district court engaged in a colloquy pursuant to Fed. R. Crim. P. 11(b)(1)(N) to ensure that the "plea agreement and corresponding waiver [were] entered into knowingly and voluntarily."  Id. at 890.

Reeves suggests that the waiver is no longer valid in light of United States v. Booker.  His argument is without merit.  "Unless expressly reserved, . . . , the right to appellate relief under Booker is among the rights waived by a valid appeal waiver, even if the parties did not anticipate the Blakely/Booker rulings."  United States v. Fogg, No. 04-2723, 2005 WL 1186535, at *2 (8th Cir. May 20, 2005) (citing United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005) ("fact that [a defendant] did not anticipate the . . . Booker ruling[] does not place the issue outside the scope of his waiver")).  Thus, Reeves's waiver of "all rights . . . to appeal any sentence imposed . . . certainly is broad enough to cover any issues arising from . . . Booker."  United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir. 2005) (Rubbo); see also United States

v. McKinney, No. 04-41223, 2005 WL 997153, at *3 n.5 (5ᵗʰ Cir. Apr. 15, 2005) ("Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements"); United States v. Lockett, 406 F.3d 207, 213-14 (3ʳᵈ Cir. 2005) (Lockett) (broad appeal waiver foreclosed Booker claim); United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) ("appeal waiver is enforceable and forecloses the right to appeal under Booker/FanFan"); United States v. Green, 405 F.3d 1180, 1189 (10th Cir. 2005) (Green) ("Booker arguments may fall within the scope of a defendant's waiver of his or her appellate rights"); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) ("appeal waivers worded as broadly as this one are effective even if the law changes in favor of the defendant after sentencing"); United States v. Bradley, 400 F.3d 459, 465 (6ᵗʰ Cir. 2005) (Bradley) (enforcing appeal waiver in the "aftermath of Booker").

In addition, Booker does not render Reeves's plea involuntary or unintelligent. "'[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'" United States v. Morgan, 958 F.2d 847, 849 (8ᵗʰ Cir. 1992) (quoting Brady v. United States, 397 U.S. 742, 757 (1970)); see also Lockett, 406 F.3d at 213 (rejecting argument that appeal waiver was unknowing "because [defendant] did not know at the time he pleaded guilty that the Supreme Court would later hold [in Booker] that the Sentencing Guidelines are advisory"); Green, 405 F.3d at 1191 (holding "pre-Booker waiver of right to appeal was knowing and voluntary"); Bradley, 400 F.3d at 464-65 (having obtained decrease in number of counts against him, defendant cannot undo appeal waiver on basis of Booker); United States v. Sahlin, 399 F.3d 27, 31 (1ˢᵗ Cir. 2005) (argument that "Booker renders [a] plea involuntary" was frivolous).

Reeves also suggests that this court should not enforce the waiver because his sentence is illegal under Booker. It is true that we will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice," Andis, 333

F.3d at 891, and that a "defendant has the right to appeal an illegal sentence." Id. at 891. However, contrary to Reeves's argument, the district court did not violate his Sixth Amendment rights by sentencing him as a career offender under § 4B1.1 based on its finding that the 1997 conviction for attempted arson was a crime of violence. In Booker, the Supreme Court "expressly confirmed the continuing validity of its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt." United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005). We also "have rejected the argument that the nature of a prior conviction is to be treated differently from the fact of a prior conviction." Id. Indeed, "[t]he Supreme Court's post-Booker opinion in Shepard v. United States[, 125 S. Ct. 1254 (2005),] lends further support to the rule that the sentencing court, not a jury, must determine whether prior convictions qualify as violent felonies." Id.

Reeves also argues that after Booker his sentence was illegal because the district court sentenced him under a mandatory Guidelines system, rather than under an advisory Guidelines system, as Booker directs. See Booker, 125 S. Ct. at 757. We cannot address this argument. This court has made clear that "the illegal sentence exception to the general enforceablility of an appeal waiver is an extremely narrow exception." 333 F.3d at 892. In Andis, we stated: "Any sentence imposed within the statutory range is not subject to appeal." Id. Here, Reeves's sentence of 188 months is within the statutory range of 5 to 40 years specified in § 841(b)(1)(B).[2]

---

[2]In United States v. Booker, 125 S. Ct. 738 (2005), as in Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), the Supreme Court "ma[de] clear that the 'statutory maximum' for Apprendi [v. New Jersey, 530 U.S. 466 (2000)] purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." 125 S. Ct. at 749. Because this case does not implicate the Sixth Amendment concerns of Booker, we do not address whether the Apprendi/Booker definition of the term "statutory maximum" alters the plain meaning of the term (i.e., the maximum sentence a statute authorizes a court to impose) as used in the appellate waiver context. However, we note courts have held

Accordingly, we dismiss the appeal.

_____

that <u>Apprendi/Booker</u> definition of the term does not apply in the context of enforceability of appeal waivers.  <u>See</u> <u>United States v. Green</u>, 405 F.3d 1180, 1192 (10th Cir. 2005) (noting Supreme Court qualified definition "with the phrase 'for <u>Apprendi</u> purposes'" and definition "has only been applied in sentencing guidelines cases"); <u>United States v. Rubbo</u>, 396 F.3d 1330, 1334 (11th Cir. 2005) (noting <u>Apprendi/Booker</u> definition "had nothing to do with the scope of appeal waivers"); <u>United States v. West</u>, 392 F.3d 450, 460 (D.C. Cir. 2004) (rejecting "exceedingly subtle" <u>Apprendi</u> definition in favor of plain meaning of "statutory maximum" in interpreting appeal waiver).