# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-3749

————————

United States of America,      \*

        \*

     Appellee,      \*

        \*    Appeal from the United States

v.      \*    District Court for the

        \*    Western District of Missouri

Clarence J. Walton,      \*

        \*    [UNPUBLISHED]

     Appellant.      \*

————————

Submitted: May 1, 2005
Filed: July 20, 2005

————————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Clarence J. Walton appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after a jury convicted him of drug-conspiracy and drug-possession offenses. Because Walton had a prior felony drug conviction, the district court sentenced him to the statutory mandatory minimum of 240 months imprisonment and 10 years supervised release on each count, to be served concurrently. Counsel has moved to withdraw on appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

insufficient to convict him and that trial counsel was ineffective. Walton has filed a pro se supplemental brief, arguing that Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004), exempt only the "fact" of a prior conviction from those matters that must be submitted to a jury, and thus other facts--such as the type of prior conviction and its finality--should have been alleged in the indictment and submitted to the jury as elements of the offense. For the reasons discussed below, we affirm the judgment of the district court.

First, viewing the trial evidence in a light most favorable to the verdict, we find the evidence supports the jury's verdict. Walton admitted to selling cocaine base ("crack") since 1989; crack and tools of the drug trade were seized at his residence; and other circumstantial evidence indicated that Walton was the provider of the crack that two codefendants obtained from Walton's residence for an undercover officer. See United States v. Urkevich, 408 F.2d 1031, 1036-37 (8th Cir. 2005) (conspiracy elements; sufficiency-of-evidence standard of review; jury could reasonably conclude defendant knowingly participated in conspiracy to distribute methamphetamine based on evidence that drugs, drug paraphernalia, and tools of drug-trafficking trade were found in defendant's residence, and based on witness testimony that defendant sold and distributed methamphetamine); United States v. Sanchez, 252 F.3d 968, 972 (8th Cir. 2001) (possession elements). Second, we conclude that any ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 proceeding where the record can be appropriately developed. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998). Third, Walton's Sixth Amendment rights were not violated by the sentence enhancement: a prior felony conviction is a sentencing factor that need not be pleaded in the indictment or put to a jury, see Apprendi, 530 U.S. at 490, and both Blakely and United States v. Booker, 125 S. Ct. 738 (2005), reaffirmed Apprendi's holding. See United States v. Reeves, No. 04-2356, 2005 S.WL 1366432 at *3 (8th Cir. June 10, 2005). Further, we have rejected the argument that the nature of a prior conviction is to be treated differently from the fact of a prior conviction. See United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005).

We have also reviewed the record independently for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found none.

Accordingly, we grant counsel's motion to withdraw, we deny appellant's motion to compel counsel to file a supplemental brief, and we affirm.

_____