# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1360

_____

United States of America,                         *
                                                  *
                 Plaintiff - Appellee,            *
                                                  *   Appeal from the United States
          v.                                      *   District Court for the Eastern
                                                  *   District of Missouri.
Bobbi L. Bolton,                                  *
                                                  *         [UNPUBLISHED]
                 Defendant - Appellant.           *

_____

Submitted: November 5, 2004
      Filed: September 16, 2005

_____

Before BYE, MELLOY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Bobbi L. Bolton pled guilty to social security and document identification fraud. At sentencing, the district court denied Bolton's motion for a downward departure and sentenced her to two concurrent terms of 37 months, as well as three years supervised release. Bolton appeals the sentence imposed by the district court.[1] Bolton's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). The Anders brief raises four potential issues: (1) whether counsel

_____

[1] The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

was ineffective, (2) whether Bolton's guilty plea was valid, (3) whether a possible defense existed to the charged crimes, and (4) whether the court's sentence was valid.

We will not review the district court's discretionary denial of Bolton's downward departure motion.  See United States v. Rice, 332 F.3d 538, 540 (8th Cir. 2003).  We will likewise not consider Bolton's ineffective assistance of counsel claim as that claim is more appropriately made through a 28 U.S.C. § 2255 proceeding.  See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).  With respect to the validity of Bolton's guilty plea, we note that Bolton did not object to the district court's Federal Rule of Criminal Procedure 11 colloquy.  Additionally,  a careful review of the record does not reveal any error that would invalidate her guilty plea. Because the guilty plea is valid, it nullifies any defenses that might otherwise have been raised below.[2]  Accordingly, we can turn our attention to Bolton's final claim that her sentence is invalid.

We find that Bolton's appeal of the validity of her sentence is precluded because she made a "knowing and voluntary waiver" of the right to appeal her sentence, as long as the sentence was within the range recommended by the United States Sentencing Guidelines.[3] United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.

---

[2] We also note that on multiple occasions Bolton admitted committing the crimes to which she pled guilty.

[3] The specific waiver provision in Bolton's plea agreement states:

[I]f the District Court accepts the plea in this case and utilizes the parties' recommended guidelines offense level calculation, both the defendant and the Government hereby mutually agree to waive all rights to appeal any issues with respect to that guidelines offense level calculation, as well as all non-jurisdictional issues, including pre-trial motions, hearings and discovery and any issues which relate to the negotiation, taking or acceptance of the guilty plea.  The parties specifically reserve the right to appeal any other issues not covered by

2003) (en banc), <u>cert. denied</u>, 540 U.S. 997 (2003). Although Bolton's sentence was at the top of the Guidelines' recommended range, it did not involve an upward departure.[4] Thus, Bolton's sentence was within the scope of the appeal waiver. <u>United States v. Reeves</u>, 410 F.3d 1031, 1034 (8th Cir. 2005).[5]

Upon our independent review of the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

_____

---

the waiver in this paragraph, including and issues that relate to the establishment of the criminal history category which is used to produce the ultimate guidelines range, and an upward or downward departure from the guidelines range that is established by the Court at sentencing, and any other aspect of sentencing not determined by the offense level calculation set forth herein and agreed upon by the parties. . . . [T]he defendant further agrees to waive all rights to contest the conviction or sentence, except for grounds of prosecutorial misconduct or ineffective assistance of counsel, in any post conviction proceeding, including one pursuant to 28 U.S.C. § 2255.

[4] The Guidelines' recommended sentence was 30 to 37 months in custody.

[5] The <u>Anders</u> brief filed by Bolton's counsel did not raise any arguments under <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738 (2005). Even if it had contained such arguments, they would have been of no consequence because a valid appeal waiver results in the loss of the right to appellate relief under <u>Booker</u>, unless that right is expressly reserved. <u>Reeves</u>, 410 F.3d at 1034.