# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3776

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Matthew M. Bradley, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: October 6, 2005
Filed: October 12, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Matthew M. Bradley (Bradley) appeals following entry of judgment by the district court[1] upon his guilty plea to possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). The district court sentenced Bradley to concurrent terms of 120 months imprisonment and 3 years supervised release on Count 1 (the statutory maximum), and 211 months

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

imprisonment and 5 years' supervised release on Count 2. Bradley's counsel now moves to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the district court abused its discretion in sentencing Bradley to 211 months' confinement. Bradley has filed a pro se motion in which he seeks (1) permission to file a supplemental brief out of time in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and (2) appointment of substitute counsel. In his motion, Bradley maintains, among other things, the district court violated <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

Bradley executed a written plea agreement in which he expressly waived (1) his right to challenge the constitutionality of the federal Sentencing Guidelines, and (2) his right to appeal, directly or collaterally, any sentencing issue which had been stipulated to in the plea agreement. With respect to sentencing, the parties, in relevant part, stipulated Bradley would be sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1).

We enforce this appeal waiver, because no miscarriage of justice would result: Bradley indicated his plea was voluntary and knowing, the district court properly questioned Bradley about the decision to enter the agreement and to waive his right to appeal the covered issues, counsel's challenge to Bradley's sentence falls within the scope of the appeal waiver, and Bradley's sentence is consistent with the plea agreement. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal); <u>see also</u> <u>United States v. Reeves</u>, 410 F.3d 1031, 1034-35 (8th Cir. 2005) (unless expressly reserved, right to appellate relief under <u>Booker</u> is among rights waived by valid appeal waiver; plea prior to <u>Booker</u> is not rendered involuntary or

unintelligent simply because implications of holding were not known at time of plea), petition for cert. filed, (U.S. Sept. 7, 2005) (No. 05-6322).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw. Additionally, we deny Bradley's motion to file a supplemental brief, because he wishes to raise issues covered by the appeal waiver, and we also deny his request for appointment of substitute counsel.

_____