# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3403

_____

United States of America,        *
       *
     Appellee,        *
       *    Appeal from the United States
   v.        *    District Court for the
       *    Western District of Missouri.
Deron Decarlos Johnson,        *
       *    [UNPUBLISHED]
     Appellant.        *

_____

Submitted: October 28, 2005
Filed: November 3, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Deron Johnson appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967).

Johnson executed a written plea agreement, in which he agreed to waive his right to appeal or otherwise challenge the constitutionality or legality of the

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Sentencing Guidelines, and expressly waived the right to appeal his sentence directly or collaterally, on any ground except for an upward departure, a sentence in excess of the statutory maximum, or an illegal sentence.

We enforce this appeal waiver: the district court conducted a proper Federal Rule of Criminal Procedure 11 colloquy; Johnson testified under oath that his plea was voluntary and knowing, and the district court discussed the appeal waiver with him at the plea hearing; this appeal falls within the scope of the waiver; and no injustice would result, as Johnson's sentence is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), cert. denied, 540 U.S. 997 (2003). The waiver also covered any issues under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Reeves, 410 F.3d 1031, 1034-35 (8th Cir. 2005) (right to appeal under Booker is among rights waived by broad appeal waiver, even if defendant did not anticipate Booker ruling), cert. denied, (U.S. Oct. 11, 2005) (No. 05-6322).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____