# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2887

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Missouri. |
| Markese Lamont Leonard, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: October 31, 2005
Filed: November 4, 2005

———————

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Markese Leonard challenges the sentence the district court[1] imposed after he pleaded guilty to a drug charge. His counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). The government has moved to dismiss the appeal based on an appeal waiver in the parties' written plea agreement.

We enforce the appeal waiver: at the guilty-plea hearing, the district court discussed the waiver with Leonard in open court, and ensured that Leonard was

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

pleading guilty voluntarily; this appeal falls within the scope of the waiver; and no injustice would result, as Leonard's sentence is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). The waiver also covered any issues under United States v. Booker, 125 S. Ct. 738 (2005), and Leonard's attempt to avoid the appeal waiver by arguing that his sentence is "illegal" is unavailing. See United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir. 2005) (right to appeal under Booker is among rights waived by broad appeal waiver, even if defendant did not anticipate Booker ruling), cert. denied, 2005 WL 2494198 (U.S. Oct. 7, 2005); United States v. Burns, 409 F.3d 994, 996 (8th Cir. 2005) (per curiam) ("illegal sentence" exception to rule that appeal waivers are generally enforceable includes only sentences outside statutory range; appeal waivers are still enforceable against Booker claims).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no other nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____