# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1414

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Joshua Harvey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 20, 2005
Filed: November 7, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joshua Harvey appeals the sentence the district court[1] imposed after he pleaded guilty to a drug charge. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). The government has moved to dismiss the appeal based on an appeal waiver, and Harvey argues that his sentence is illegal and appealable because the Sentencing Guidelines are unconstitutional under United States v. Booker, 125 S. Ct. 738 (2005).

_____

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

We reject this argument, see United States v. Burns, 409 F.3d 994, 996 (8th Cir. 2005) (per curiam) ("illegal sentence" exception to rule that appeal waivers are generally enforceable includes only sentences outside statutory range; appeal waivers still enforceable against Booker claims), and enforce the appeal waiver: the district court conducted a proper Federal Rule of Criminal Peocedure 11 colloquy; Harvey indicated that his plea was voluntary and knowing, and the district court discussed the appeal waiver with him at the plea hearing; this appeal falls within the scope of the waiver; and no injustice would result, as his sentence is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), cert. denied, 540 U.S. 997 (2003). The waiver also covered any Booker issues. See United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir. 2005) (right to appeal under Booker is among rights waived by broad appeal waiver, even if defendant did not anticipate Booker ruling), petition for cert. filed, (U.S. Sept. 7, 2005) (No. 05-6322).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____