# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1413

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Cassandra Harvey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 20, 2005
Filed: November 7, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cassandra Harvey appeals the sentence the district court[1] imposed after she pleaded guilty to a drug charge. Her counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Harvey has filed a motion for new counsel and a pro se supplemental brief, arguing that her counsel was ineffective and coerced her into entering a guilty plea unknowingly. The government has moved to dismiss the appeal based on an appeal waiver.

_____

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

The record contradicts Harvey's contention that her guilty plea was coerced: she was questioned about her knowledge and the voluntariness of her plea by the district court, and she confirmed that the plea was not forced and that she had read and discussed the plea agreement with her counsel. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

We also conclude that the plea agreement's appeal waiver should be enforced: the district court conducted a proper Federal Rule of Criminal Procedure 11 colloquy; Harvey's plea was voluntary and knowing, and the district court discussed the appeal waiver with her at the plea hearing; this appeal falls within the scope of the waiver; and no injustice would result, as her sentence is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), cert. denied, 540 U.S. 997 (2003). The waiver also covered any issues under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir. 2005) (right to appeal under Booker is among rights waived by broad appeal waiver, even if defendant did not anticipate Booker ruling), petition for cert. filed, (U.S. Sept. 7, 2005) (No. 05-6322).

Finally, Harvey's pro se ineffective-assistance claim should be deferred to 28 U.S.C. § 2255 proceedings. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____