# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3784

_____

United States of America,       *
                             *

          Appellee,        *

                           *    Appeal from the United States

   v.                   *    District Court for the

                           *    Western District of Missouri.

Jeffrey M. Lee,           *

                           *       [UNPUBLISHED]

         Appellant.      *

_____

Submitted: October 6, 2005
Filed: November 14, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

     Jeffrey M. Lee (Lee) appeals the judgment the district court[1] entered after he pled guilty to knowingly making a false and fictitious written statement in connection with the acquisition of a firearm on November 26, 2001, after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing Lee "did not have [the] benefit of" Blakely v. Washington, 124 S. Ct. 2531

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

(2004), when entering into the plea agreement. Counsel avers the district court erred under <u>Blakely</u> in imposing an obstruction of justice enhancement on the basis of judicial factfinding.

Lee executed a written plea agreement, in which he agreed to waive his right to "appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines," and expressly waived the right to appeal or attack collaterally "all issues in this matter, including but not limited to issues relating to any departures by the District Court, any Guideline issue, and any sentence imposed in this matter" except in the case of a sentence in excess of the statutory maximum.

We enforce this appeal waiver, because no miscarriage of justice would result: Lee indicated his plea was voluntary and knowing, and the district court properly questioned Lee about the decision to enter the agreement and to waive his right to appeal the covered issues; and Lee's sentence is consistent with the plea agreement. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal). Additionally, we previously have confirmed a valid appeal waiver would encompass any claims of error under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). <u>See</u> <u>United States v. Reeves</u>, 410 F.3d 1031, 1034-35 (8th Cir. 2005) (unless expressly reserved, right to appellate relief under <u>Booker</u> is among rights waived by valid appeal waiver; plea prior to <u>Booker</u> is not rendered involuntary or unintelligent simply because implications of holding were not known at time of plea), <u>petition</u> <u>for</u> <u>cert.</u> <u>filed</u> (U.S. Sept. 7, 2005) (No. 05-6322).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues falling outside the scope of the appeal waiver.  Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____