# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1307

_____

United States of America,            *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    Eastern District of Missouri.
Mark A. Lang, Jr.,                   *
                                     *    [UNPUBLISHED]
            Appellant.               *

_____

Submitted: January 17, 2006
Filed: January 19, 2006

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mark Lang challenges the sentence the district court[1] imposed after he pleaded guilty to a drug charge. His counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Lang has filed a pro se supplemental brief. The government has moved to dismiss the appeal based on an appeal waiver.

We conclude that the appeal waiver should be enforced: the district court conducted a proper Rule 11 colloquy; Lang indicated that his plea was voluntary and

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

knowing, and the district court discussed the appeal waiver with him at the plea hearing; this appeal falls within the scope of the waiver; and no injustice would result, as the sentence is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), cert. denied, 540 U.S. 997 (2003). The waiver also covered any issues under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir.) (right to appeal under Booker is among rights waived by broad appeal waiver, even if defendant did not anticipate Booker ruling), cert. denied, 126 S. Ct. 469 (2005).

Neither Lang's pro se brief nor our independent review of the record under Penson v. Ohio, 488 U.S. 75 (1988), reveals any nonfrivolous issue not covered by the appeal waiver. We note that any ineffective-assistance claim should be deferred to 28 U.S.C. § 2255 proceedings. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Accordingly, we grant the government's motion to dismiss, grant counsel's motion to withdraw, and deny Lang's motion for new counsel.

_____

-2-