# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1100

———————

United States of America,            *
            *
       Plaintiff/Appellee,       *
            *   Appeal from the United States
    v.                 *   District Court for the Western
            *   District of Missouri.
Golden Longwell,          *
            *   [UNPUBLISHED]
       Defendant/Appellant.    *

———————

Submitted: January 9, 2006
Filed: January 19, 2006

———————

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Golden Longwell pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He appeals his sentence arguing the district court[1] erroneously sentenced him as a career offender under United States Sentencing Guidelines § 4B1.1. We dismiss the appeal.

———————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Longwell entered into a plea agreement with the government agreeing to plead guilty to the conspiracy count. At sentencing, the district court found Longwell's two prior felony drug convictions made him a career offender under § 4B1.1. On appeal, Longwell contends the district court erred in applying the career offender provision because the underlying fact findings were not submitted to a jury or admitted. The government argues the appeal should be dismissed because Longwell waived his right to appeal his sentence. We agree.

The plea agreement stated Longwell's sentence would be "determined pursuant to the United States Sentencing Guidelines," and he agreed not to "appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines." Longwell expressly waived "the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure . . . a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines." Longwell contends the appeal waiver does not prohibit his appeal because application of the career offender provision in his case amounts to an upward departure.

Longwell's inaccurate characterization of the district court's application of the career offender provision as an upward departure does not save his appeal from the waiver. Furthermore, even if Longwell could escape the waiver's grasp, we have previously rejected the Sixth Amendment argument he asserts on appeal. See United States v. Reeves, 410 F.3d 1031, 1035 (8th Cir. 2005) ("In Booker, the Supreme Court expressly confirmed the continuing validity of its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to the jury or proved beyond a reasonable doubt.") (internal quotation omitted).

The appeal is dismissed.

_____