# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3596

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Felton Gooseberry, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 6, 2006
Filed: January 20, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Felton Gooseberry appeals the sentence the district court[1] imposed after he pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). His counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967); Gooseberry has filed a pro se supplemental brief, arguing that his sentence should be vacated under *Blakely v. Washington*, 542 U.S. 296 (2004).

_____

[1]The Honorable Stephen Limbaugh, United States District Judge for the Eastern District of Missouri.

We enforce the broad appeal waiver included in Gooseberry's written plea agreement: the district court conducted a proper Federal Rule of Criminal Procedure 11 colloquy and discussed the appeal waiver with Gooseberry, who affirmed that his plea was voluntary and that he understood the plea agreement and the waiver; this appeal falls within the scope of the waiver; and no injustice would result. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), *cert. denied*, 540 U.S. 997 (2003). The waiver also covered any issues under *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Reeves*, 410 F.3d 1031, 1034-35 (8th Cir.) (right to appeal under *Booker* is among rights waived by broad appeal waiver, even if defendant did not anticipate *Booker* ruling), *cert. denied*, 126 S. Ct. 469 (2005).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues not covered by the waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____