# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2588

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dale D. Mitchell, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 14, 2006
Filed: April 28, 2006

_____

Before WOLLMAN, McMILLIAN,[1] and RILEY, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the Supreme Court for reconsideration in light of <u>Booker v. United States</u>, 543 U.S. 220 (2005). Having reconsidered Dale D. Mitchell Jr.'s (Mitchell) sentence as directed by the Court, we reinstate our prior panel opinion and affirm Mitchell's sentence.

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is filed by the remaining members of the panel pursuant to 8th Circuit Rule 47E.

The facts of this case are set forth in United States v. Mitchell, 109 Fed. App'x 833 (8th Cir. 2004) (unpublished) (per curiam), cert. granted, judgment vacated by 126 S. Ct. 634 (2005), and we repeat and supplement the facts here only as relevant to Mitchell's Booker claim.

Mitchell pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He entered into a written plea agreement and stipulated to a base offense level of 20 and a 4-level increase for possession of the firearm in connection with another felony offense. He further (1) agreed not to appeal or "otherwise challenge the constitutionality or legality of the Sentencing Guidelines"; (2) acknowledged the district court's[2] jurisdiction and authority to impose any sentence up to the 10-year statutory maximum; and (3) waived his right to appeal his sentence unless the district court imposed an upward departure, exceeded the statutory maximum, or violated the law apart from the Guidelines. The district court, consistent with the written plea agreement and the Presentence Investigation Report's (PSR) recommendations, determined Mitchell's total offense level was 21 (which included a 3-level adjustment for acceptance of responsibility). At criminal history category VI, Mitchell's sentencing range was 77 to 96 months. The district court sentenced Mitchell to 86 months' imprisonment and 3 years' supervised release.

"The argument that a Booker error occurred is preserved if the defendant below argued Apprendi[3] or Blakely[4] error or that the Guidelines were unconstitutional." United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc) (citations and quotation

_____

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[3]Apprendi v. New Jersey, 530 U.S. 466 (2000).

[4]Blakely v. Washington, 542 U.S. 296 (2004).

omitted), <u>cert. denied</u>, 126 S. Ct. 266 (2005). Mitchell made no objection upon receiving his PSR. At Mitchell's sentencing hearing, Mitchell acknowledged he reviewed the PSR with counsel and had no objections to the report. When the district court offered him the opportunity for allocution, Mitchell simply expressed his remorse. We conclude Mitchell did not preserve a <u>Booker</u> error argument. We therefore review Mitchell's sentence for plain error. <u>Id.</u> at 550.

We find no plain error by the district court, given Mitchell waived his right to have a jury determine the enhancement issue by stipulating to the 4-level increase in his plea agreement, did not object to the PSR's description of the offense conduct (aggravated assault), acknowledged the district court's authority to impose the sentence, and waived his appeal right. <u>See</u> <u>United States v. Reeves</u>, 410 F.3d 1031, 1034-35 (8th Cir.) (concluding the right to appeal under <u>Booker</u> is among the rights waived by a broad appeal waiver, even if defendant did not anticipate the <u>Booker</u> ruling), <u>cert. denied</u>, 126 S. Ct. 469 (2005); <u>United States v. Killgo</u>, 397 F.3d 628, 629 n.2 (8th Cir. 2005).

Accordingly, we affirm Mitchell's sentence.

_____