# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4196

_____

United States of America,

      Appellee,

v.

Mario M. Martinez, Sr.,

      Appellant.

\* Appeal from the United States
\* District Court for the
\* District of Nebraska.

\* [UNPUBLISHED]

_____

Submitted: January 15, 2007
Filed:  January 22, 2007

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mario M. Martinez, Sr., pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  His written plea agreement contained a provision under which Martinez generally waived his right to appeal his conviction or sentence, reserving his right to seek habeas relief for ineffective assistance of counsel; and a separate specific waiver pursuant to which he agreed to have his sentence determined under the Sentencing Guidelines and to waive all constitutional challenges to their validity.  On appeal, counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that Martinez's trial counsel had been ineffective.  We denied counsel's motion and ordered supplemental briefing as to whether Martinez had waived his right to appeal

his sentence based on <u>United States v. Booker</u>, 543 U.S. 220 (2005), in light of the district court's[1] plea-hearing comment questioning the validity of the Guidelines waiver; and, if the issue was not waived, whether the court's application of the Guidelines as mandatory warranted relief under <u>Booker</u>.

Upon reviewing the parties' supplemental briefs, we dismiss the appeal based on the broad appeal waiver included in Martinez's plea agreement. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). The plea colloquy reflects that Martinez understood and voluntarily accepted the terms of the plea agreement, including the broad waiver provision. This appeal – including any <u>Booker</u> challenge to the mandatory application of the Guidelines – falls within the scope of the broad waiver, regardless of the separate Guidelines waiver which the district court questioned. <u>See, e.g.</u>, <u>United States v. Reeves</u>, 410 F.3d 1031, 1034 (8th Cir.) (right to appeal under <u>Booker</u> is among rights waived by broad appeal waiver even where parties did not anticipate <u>Booker</u> ruling), <u>cert. denied</u>, 126 S. Ct. 469 (2005). Finally, we conclude no injustice would result from enforcing the waiver. To the extent the <u>Anders</u> brief suggests that the plea or the waiver is invalid because of counsel's ineffectiveness, we note that the record is not sufficiently developed on the issue, and any such claim should be pursued under 28 U.S.C. § 2255. <u>See</u> <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003).

Accordingly, we dismiss the appeal.

_____

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.