# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2140

_____

United States of America,

        Appellee,

v.

Gerardo Gurrola,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 5, 2007
Filed: November 8, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gerardo Gurrola appeals the 108-month prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine. Gurrola argues that his sentence is unlawful because it is contrary to 18 U.S.C. § 3553(a)(6) and the directions of United States v. Booker, 543 U.S. 220 (2005). The government urges that the appeal waiver in Gurrola's plea agreement calls for dismissal of the appeal.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

We will enforce an appeal waiver where both the plea agreement and the appeal waiver were entered into knowingly and voluntarily, the appeal falls within the scope of the waiver, and no miscarriage of justice would result.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).  We conclude that Gurrola knowingly and voluntarily entered into his plea agreement and appeal waive.  The appeal falls within the scope of the broad appeal waiver, which provided that Gurrola waived all rights to appeal his sentence unless it exceeded 188 months.  Cf. United States v. Reeves 410 F.3d 1031, 1034-35 (8th Cir. 2005) (broad appeal waiver includes issues arising from Booker).  And enforcing the waiver would not result in a miscarriage of justice.  See Andis, 333 F.3d at 891-92 (sentence within statutory range is not illegal sentence).  We therefore enforce the appeal waiver and dismiss the appeal.

_____