# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2972
_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Michael Foy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: April 19, 2022
Filed: April 29, 2022
[Unpublished]
_____

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Terrance Foy appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and gun charges, pursuant to a plea agreement that includes an

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging application of the career-offender enhancement, and arguing that the sentence is substantively unreasonable.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice; appeal waivers should not be easily voided by courts); see also United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir. 2005) (defendant waived right to appeal career offender designation when appeal waiver provided that he waived all rights to appeal imposed sentence and that Guidelines range was not subject to appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____